# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

DAVEN COLLINS and )
THIALYNN ELAINE COLLINS, )
)
      Plaintiffs, )
)
vs. ) Case No. CIV-12-1108-M
)
GREAT PLAINS OILFIELD )
RENTAL, LLC, and )
CATERPILLAR, INC., )
)
      Defendants.

## ORDER

Before the Court is Great Plains Oilfield Rental, LLC's Partial Motion to Dismiss and Brief in Support, filed May 15, 2013. Plaintiffs' response was filed on May 23, 2013. Based upon the parties' submissions the Court makes its determination.

I.    Introduction

Plaintiffs Daven Collins and Thialynn Elaine Collins ("plaintiffs") initiated this lawsuit on October 9, 2012. Plaintiffs contend that on August 11, 2012, Daven Collins was seriously injured as a result of an explosion and fire that stated in and around oil field equipment installed and serviced by defendant Great Plains Oil Field Rental, LLC ("Great Plains"). Plaintiffs contend plaintiff Daven Collins' injuries were as a direct result of the negligence of Great Plains in the installation and service of the equipment at the Hodges Trucking Yard located near Elk City, Oklahoma. On December 5, 2012, plaintiffs filed their Second Amended Complaint. Plaintiffs contend in cause two of their Second Amended Complaint that Great Plains violated Federal Regulations and was negligent per se. Great Plains contends plaintiffs' second cause of action

1

should be dismissed for failure to state a claim.

II.     Standard of Review

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Discussion

Cause of Action Two of plaintiffs' Second Amended Complaint states in its entirety:

**Cause of Action Two**

14. The Plaintiffs adopt the allegations in paragraphs 1 through 12.
15. Great Plains Oilfield Rental, LLC violated Federal Regulations in the mixing system they installed at the Hodges Trucking Yard near Elk City, Oklahoma prior to August 11, 2012.
16. Great Plains Oilfield Rental, LLC was negligent per se.

Plaintiffs' Second Amended Complaint, page 3.

Having carefully reviewed plaintiffs' Second Amended Complaint, the Court finds plaintiffs have failed to allege sufficient facts to demonstrate that Great Plains violated any Federal Regulation or that as a result of its actions was negligent per se. Specifically, the Court finds plaintiffs' conclusory allegation that Great Plains "violated Federal Regulations in the mixing system they installed" without referencing a federal regulation is insufficient.

IV. Conclusion

For the above stated reasons, the Court GRANTS Great Plains Oilfield Rental, LLC's Partial Motion to Dismiss [docket no. 35].

**IT IS SO ORDERED this 7th day of June, 2013.**

_VICKI MILES-LaGRANGE_
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE