IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DAVEN COLLINS, and )
THIALYNN ELAINE COLLINS, )
 )
      Plaintiffs, )
 )
v. ) Case No.CIV-12-1108-M
 )
GREAT PLAINS OILFIELD RENTAL, )
L.L.C.; CATERPILLAR, INC.; and )
DELTA OIL FIELD TANK CO., L.L.C., )
 )
      Defendants. )

## ORDER

Before the Court is defendant Delta Oilfield Tank Co., L.L.C.'s ("Delta") Motion for Judgment on the Pleadings [Docket No. 63], filed August 21, 2013. On August 30, 2013, plaintiffs Daven Collins and Thialynn Elaine Collins ("the Collins") filed their response and a Motion to Strike Delta's Motion, and on September 19, 2013, Delta filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.    Background

On May 1, 2013, this Court entered an Order allowing the Collins to file a Second Amended Complaint [Docket No. 31]. The Collins filed a Second Amended Complaint on May 2, 2013, naming Delta as a defendant.[1] In the Second Amended Complaint, the Collins allege that on August 11, 2012, Daven Collins was seriously burned as a direct result of a defect in a motor incorporated within a mixing system designed by Great Plains Oilfield Rental, L.L.C. ("Great Plains") and Delta.

---

[1] Delta was served on May 6, 2013 [Docket No. 41].

On June 24, 2013, the Collins filed a Motion for Default Judgment [Docket No. 44] against Delta, and on July 1, 2013, Delta filed a Motion to Dismiss [Docket No. 48]. Both parties filed a Joint Application for Order Withdrawing and Striking Motions [Docket No. 53] on July 2, 2013, and this Court granted the application on July 24, 2013, simultaneously withdrawing and striking the Collins' Motion for Default Judgment and Delta's Motion to Dismiss from the Court's docket. On August 21, 2013, Delta filed a Motion for Judgment on the Pleadings [Docket No. 63]. On August 30, 2013, the Collins responded with a Motion to Strike Delta's Motion [Docket No. 69] asserting that Delta is now seeking a dismissal under the Federal Rule of Civil Procedure Motion to Dismiss 12(b)(6) standard.

II. Discussion

A. Motion to Strike

The Collins now move this Court to Strike Delta's Motion for Judgment on the Pleadings contending that, as a result of this Court's Order granting the Joint Application for Order Withdrawing and Striking Motions, Delta is precluded from filing a Federal Rule of Civil Procedure 12(c) Motion for Judgment on the Pleadings, which is treated as a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. Delta asserts that nowhere in the Court's Order did the Court preclude it from filing a subsequent motion addressing the Collins' failure to properly lodge allegations against Delta. As a result, Delta contends it has fully complied with the requirements set forth in the Joint Application for Order Withdrawing and Striking Motions, the Court's Order granting the application, and the Federal Rules of Civil Procedure.

Having carefully reviewed the Collins' Motion to Strike Delta's Motion, the Court finds that Delta was not precluded from filing a Motion for Judgment on the Pleadings when the Court granted the Joint Application for Order Withdrawing and Striking Motions and is entitled to file

a Motion for Judgment on the Pleadings. Accordingly, the Court DENIES the Collins' Motion to Strike Delta's Motion.

B. Motion for Judgment on the Pleadings

Delta now moves this Court, pursuant to Federal Rule of Civil Procedure 12(c), to enter a judgment on the pleadings dismissing the Collins' claims against it. Specifically, Delta contends that the Collins' Second Amended Complaint does not contain any allegation of wrongful conduct on the part of Delta and fails to allege any misconduct for which relief may be granted.

When reviewing a motion for judgment on the pleadings under Rule 12(c), the Court applies the same standard that applies to a Rule 12(b)(6) motion. *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (internal quotations and citations omitted). Finally, "[a]

3

pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 1949 (internal quotations and citations omitted).

Having carefully reviewed the Collins' Second Amended Complaint, the Court finds that the complaint does not rise to the level of a well-pleaded claim against Delta. Federal Rule of Civil Procedure 8(a) requires a pleading that states a claim for relief to contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In their Second Amended Complaint, the Collins set forth sufficient allegations to show this Court has jurisdiction of this case and the plausible misconduct of Delta and Great Plains; the Collins, however, fail to request relief from Delta. Specifically, the Collins allege in Cause of Action Three that Great Plains and Delta designed and made a mixing system that incorporated a defective motor that exploded, and as a result, Daven Collins was seriously burned. The Court finds that the Collins' claim satisfies Rule 8(a)(1) & (2); however, within the Relief Requested section, the Collins only request relief from Great Plains. Since the Collins only request relief from Great Plains, even if everything alleged in the Second Amended Complaint is construed in the light most favorable to the Collins, and the Court awards the Collins everything they request in the Second Amended Complaint, Delta would not be required to provide any of that relief. Therefore, as a result of the Collins' failure to request relief from Delta, the Court finds that the Collins did not satisfy Rule 8(a)(3) and Delta is entitled to a judgment on the pleadings. Accordingly, the Court GRANTS Delta's Motion for Judgment on the Pleadings.

C. Attorney Fees

Delta requests this Court award its reasonable attorneys' fees in defending this action. Delta contends that Okla. Stat. tit. 12, § 936 permits the Court to award attorney fees to it as the prevailing party on the Motion for Judgment on the Pleadings. Okla. Stat. tit. 12, § 936(A) provides:

> In any civil action to recover for labor or services rendered, or on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

Okla. Stat. tit.12, § 936(A). The Oklahoma Supreme Court further defined what constituted "labor or services" that would allow § 936 to be applicable:

> We believe that the addition of the phrase "or for labor or services" by amendment to the statute in 1970 was intended by the legislature to be limited to those situations where suit is brought for labor and services rendered. We believe that an improper and unintended meaning would result if,…, this clause were construed to allow attorney fees in the all encompassing field of "contracts related to . . ., labor or services."

*Russell v. Flanagan*, 544 P.2d 510, 512 (Okla. 1975).

Delta asserts that within the Collins' Second Amended Complaint, the Collins allege that Delta made parts and engaged in the manufacturing of a mixing system. Delta contends that these activities constitute labor and services, as well as an implied contract for the sale of goods, which makes § 936 applicable. In their Second Amended Complaint, the Collins allege that Daven Collins was seriously burned due to Delta and the other defendants'[2] failure to incorporate a safety device that would have prevented the motor from exploding. The Court finds this action was not brought for the labor and services Delta rendered due to its contractual obligations with

---

[2] The other defendants include Great Plains and Caterpillar, Inc.

Great Plains,[3] and, thus, this is not a civil action for labor or services within the meaning of § 936. Accordingly, this Court DENIES Delta's request for reasonable attorney fees.

III. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES the Collins' Motion to Strike Delta's Motion [Docket No. 69] and GRANTS Delta's Motion for Judgment on the Pleadings [Docket No. 63]. The Court also, for the reasons set forth above, DENIES Delta's request for reasonable attorney fees.

**IT IS SO ORDERED this 28th day of October, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Prior to August 11, 2012, Delta sold to Great Plains parts of a mixing system that Great Plains had installed at the Hodges Trucking Yard near Elk City, Oklahoma.