IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVEN COLLINS and<br>THIALYNN ELAINE COLLINS, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | ) | Case No. CIV-12-1108-M |
| | ) | |
| GREAT PLAINS OILFIELD RENTAL,<br>L.L.C., CATERPILLAR, INC, and<br>DELTA OIL FIELD TANK CO., L.L.C., | )<br>)<br>)<br>) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiffs' Motion to Reconsider an Order, filed November 8, 2013. On November 26, 2013, defendants filed their response. On December 9, 2013, plaintiffs replied. Based on the parties' submissions, the Court makes its determination.

Plaintiffs move this Court to reconsider its October 28, 2013 Order granting Delta Oil Field Tank Co. L.L.C.'s ("Delta") Motion for Judgment on the Pleadings. Plaintiff specifically asserts that the omission of Delta in the Second Amended Complaint's [docket no. 32] "Relief Requested" section was a scrivener's error.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Having carefully reviewed the parties' submissions, the Court finds no grounds warranting reconsideration in the case at bar. Specifically, the Court finds there was no intervening change in the controlling law or new evidence previously available, and further, plaintiffs' counsel was given an opportunity to correct the error in the Second Amended Complaint prior to Delta filing its Motion for Judgment on the Pleadings[1] [docket no. 63]. Additionally, the Court finds plaintiffs simply raised arguments they could, and should have raised in their response to Delta's Motion for Judgment on the Pleadings [docket no. 69]. Accordingly, the Court DENIES Plaintiffs' Motion to Reconsider an Order [docket no. 82].

**IT IS SO ORDERED this 13th day of December, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] In addition to filing this Motion to Reconsider, plaintiffs also filed a Motion for Leave to File Third Amended Complaint [docket no. 83] on November 8, 2013. Delta responded to the motion on November 26, 2013 [docket no. 85]. In its response, Delta included two signed declarations from Justin D. Heideman and Joshua C. Horrocks, counsel for Delta, declaring that on or about the first part of August 2013, they were involved in a telephone call with Tom E. Mullen, counsel for plaintiffs. Mr. Heideman informed Mr. Mullen that the Second Amended Complaint [docket no. 32] was deficient as to Delta. Mr. Heideman further "offered to stipulate to allow Plaintiffs to amend their Second Amended Complaint to cure the deficiency." Defendant Delta Memorandum in Opposition to Plaintiffs' Motion for Leave to File Third Amended Complaint at p. 9.